CHICAGO, ROCK ISLAND AND GULF RAILWAY COMPANY ET AL. V. E. D. CALVERT.

Decided December 23, 1905.

**1.—Continuance—Diligence—Insufficient Showing.**

The burden rests upon the party making application for continuance to show affirmatively that all possible diligence was used to secure necessary testimony. Application considered, and held insufficient in this respect.

**2.—Question not Leading.**

In the question, "State if in that conversation you told the agent when you were to be at Waukomis to thresh the grain," the use of the word if is substantially the same as the use of the word whether, and the question could not be considered leading.

**3.—Broken Machinery—Measure of Damage.**

Where it is not made to distinctly appear that machinery, which had been injured during transportation, had a market value at the place of destination, it was not reversible error to permit the plaintiff to show on the question of damages what it would have cost to repair the broken machinery, and a charge which submitted as the measure of damages the difference in value of the machinery, as distinguished from its market value, in its injured and uninjured condition at destination was not erroneous.

**4.—Special Damages—Loss of Profits.**

Where the plaintiff had shipped threshing machinery to W. for the purpose of threshing wheat, and had made contracts to thresh certain crops in that vicinity at a certain time, of which facts defendant had notice at the time of shipment, plaintiff was entitled to recover damages for the loss of profits caused by the failure of defendant to comply with its contract of transportation.

Appeal from the District Court of Jack County. Tried below before Hon. J. W. Patterson.

1905.] C., R. I. & G. Ry. Co. v. Calvert. 237

*N. H. Lassiter, Robert Harrison* and *Sil Stark,* for appellant.—The defendants had used due diligence under the circumstances to procure the missing testimony; and as this was the first application for a continuance, and as the testimony was of the highest importance, the application for a continuance should have been granted. Low Company v. Hickson, 74 S. W. Rep., 782; St. Louis S. W. Ry. Co. v. Terry, 54 S. W. Rep., 431; Hony v. Gamel, 62 S. W. Rep., 76.

The question quoted in the opinion was leading; and the objection to the testimony elicited thereby should have been sustained. Ft. Worth & R. G. Ry. Co. v. Jones, 85 S. W. Rep., 7; International & G. N. Ry. Co. v. Dalwigh, 51 S. W. Rep., 500.

*Nicholson & Fitzgerald,* for appellee.—The testimony as to cost of repairs was admissible for two reasons. First: there was no market value at Waukomis for this character of goods. Second: it was admissible to show plaintiff's knowledge of what machinery was damaged and as a basis for his opinion of the true damages. Houston & T. C. Ry. Co. v. Ney, 58 S. W. Rep., 43.

Plaintiff was entitled to recover the special damages and the charge of the court thereon was correct, because the agent at the initial point of shipment had notice of the contract, and that by the terms of said contract the thrasher was to be at Waukomis Monday or Tuesday, and the damage that resulted by reason of the delay was reasonably in contemplation of the parties at the time of entering into the contract. Robinson was fully put on notice that a failure to reach Waukomis with the machinery in the time set by contract would work a forfeiture of same and damages result therefrom. Watkins v. Junker, 23 S. W. Rep., 802; A. J. Anderson Electric Co. v. Cleburne Water, Ice & Lighting Co., 44 S. W. Rep., 929.

STEPHENS, ASSOCIATE JUSTICE.—The first assignment of error complains of the courts' refusal to grant appellants' application for continuance, which was a first application. There is no question as to the materiality of the testimony sought to be obtained by the continuance, but whether the application made a sufficient showing of diligence is not so clear, especially in view of the statement appended to the application by the court, which is to the effect that when the case was called for trial an oral application for continuance was presented, by consent of parties, which was afterwards reduced to writing and which showed that the local attorney, Sil Stark, had used all reasonable diligence on his part to learn the testimony in the case and find out the names and whereabouts of the witnesses and get ready for trial; and said verbal application showed that Sil Stark was the only local attorney of defendants at Jacksboro, and had the exclusive management of the case after the papers were sent to him, which was within a short time after service of citation herein upon defendants, and that as soon as he learned of said testimony, he took steps to procure their evidence." The court further states, however, that "said application was overruled because, in the opinion of the court, it failed to show diligence." The application found in the transcript failed to state, and the record fails to show when the citation was served and how long

after that it was before the papers were sent to the local attorney, and we have, therefore, finally concluded that we would not be warranted in holding that the court erred in overruling the application. The original petition was filed December 5, 1904, and the case was tried March 10, 1905, so that, for aught that appears from the application for continuance or otherwise, appellant may have neglected to take any steps to procure its testimony for two or three months after it was served with citation. True, the court states that appellant sent the papers to its local attorney within a short time after service of citation, but this is quite as indefinite as was the application, and the burden being on appellant to show error, warrants the conclusion, the citation being presumptively before the court showing the date of its service, that the time was sufficient for appellant to obtain the testimony, if it had used proper diligence.

The proposition of the second assignment is that the following question was leading: "State if in that conversation you told the agent when you were to be at Waukomis to thresh the grain." To which the witness answered: "Yes, I told him I had engagements there, and was to be there Monday or Tuesday anyway to commence doing the work." It seems to us that the question was about the same as it would have been if the word *whether* had been used instead of *if,* and that it can hardly be considered a leading question, or at all events, considering the answer, that the ruling complained of should not require the judgment to be reversed.

The proposition of the third assignment is that the testimony offered by appellee to show what it would have cost to repair the broken machinery, and what the "pieces that were mashed would cost," was inadmissible because the proper measure of damages was the difference between the value of the machinery before and after the injury. Appellant had undertaken to carry a "threshing outfit" from Jacksboro, Texas, to Waukomis, O. T., to enable the appellee to thresh grain near the latter place during the current season, and it can hardly be said that when this testimony was offered it distinctly appeared that the machinery had a market value at Waukomis, or even that at the conclusion of the evidence such fact had been clearly established.

The proposition of the fourth assignment, which complains of the third paragraph of the charge, is as follows: "The testimony does not show with that reasonable certainty required by law, the difference between the value of the machine at the time and in the condition it arrived at Waukomis, and its value if it had arrived there uninjured. Hence either the charge is erroneous, or the plaintiff can not recover because he failed to show the proper measure of his damages according to the court's charge." The charge complained of submitted as the measure of damages the difference in value of the machinery at Waukomis in its condition when it arrived there and in the condition it would have been in had it not been injured, which we understand to be the correct rule, the jury being authorized to take into consideration all the facts and circumstances in evidence in determining this issue. It will be observed that the court did not submit as a distinct issue in the case the difference in *market* value.

The proposition of the fifth assignment of error, complaining of the

fourth paragraph of the court's charge, and that of the sixth assignment of error, complaining of the court's refusal to give a special charge, raise the question of appellants' liability for special damages on account of the loss of the profit which appellee would have made on threshing grain near Waukomis for persons who had agreed that he should thresh for them, if appellant had complied with its contract with appellee. The charge given required the jury to find that appellee had shipped the threshing machinery to Waukomis for the purpose of threshing wheat, and that he had made contracts to thresh certain crops in that vicinity at a given time, and that he had notified appellant's agent at Jacksboro of these facts prior to the shipment. It therefore stated the law correctly, as we understand it in this class of cases, and the charge requested was properly refused.

The sixth and last assignment in the brief complains of the verdict, but as it was fully warranted by the evidence, the judgment is affirmed.

*Affirmed.*

Writ of error refused.